**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No.:**

BENJAMIN SWEITZER and STEVE ROTHERMICH,

individually, and on behalf of all others
similarly situated,

    Plaintiffs,

v.

J.T. TIMBER FALLING, INC.,

    Defendant.

---

**COLLECTIVE AND CLASS ACTION COMPLAINT**

---

Plaintiffs Benjamin Sweitzer and Steve Rothermich (collectively "Plaintiffs"), individually, and on behalf of all of those similarly situated, through undersigned counsel of Bachus & Schanker, LLC, make the following allegations in support of this Collective and Class Action Complaint:

**INTRODUCTION**

1. This is a federal collective and state class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et. seq. ("FLSA"), the Colorado Wage Act, C.R.S. §§ 8-4-101, et. seq. ("CWCA"), and Colorado common law (under theories of breach of contract, unjust enrichment, and *quantum meruit*) to recover unpaid wages and equitable relief.

2. Plaintiffs and those similarly situated worked as "Operators" and were classified under the FLSA and relevant state wage and hour statutes as non-exempt, hourly employees during the relevant periods alleged herein.

3. Defendant J.T. Timber Falling, Inc. ("Defendant" or "J.T. Timber") improperly denied wages and compensation for hours worked by Plaintiffs and others similarly situated.

4. Upon information and belief, for at least three years prior to the filing of this action and continuing through the date of this action, J.T. Timber has devised and implemented general policies and practices to deprive Operators of compensation to which they are entitled. J.T. Timber routinely requires its hourly-paid Operators to work "off the clock" without proper payment of wages.

5. Plaintiffs, on behalf of themselves and all other similarly situated former and current hourly-paid Operators, seek unpaid overtime, unpaid regular wages, liquidated damages and/or pre-judgment interest, post-judgment interest, injunctive and equitable relief, attorney's fees and costs, and any other just remedies permissible under the law.

6. Plaintiffs shall request that this Court authorize concurrent notice to all former and current hourly-paid Operators who were employed by J.T. Timber during the applicable time period, informing them of the pendency of this action and of their right to opt-in to this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b).

7. Plaintiffs also propose a Rule 23 class pursuant to Colorado law brought on behalf of themselves and all other former and current hourly-paid Operators who were employed in Colorado by J.T. Timber.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant the FLSA, 29 U.S.C. § 216(b), federal question jurisdiction pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

9. Venue is proper under 28 U.S.C. §1391(b)(1) and § 1391(c), as the Defendant conducts business within this District, and the acts complained of occurred in this District.

## COVERAGE

10. At all times material hereto, Plaintiffs and all similarly-situated employees were "employees" of Defendant within the meaning of FLSA because they were individuals employed by an employer. Also, all similarly-situated employees were "employees" of Defendant within the meaning of FLSA because:

   a. the Defendant exercised control over Plaintiffs' and all similarly-situated employees' work schedules, work tasks, and work processes;

   b. the Plaintiffs and all similarly-situated employees had no opportunity to experience a profit or loss consistent with the characteristics of being independent businesswomen/ businessmen;

   c. the Plaintiffs and all similarly-situated employees did not invest in Defendant's business, did not include amount of large capital expenditures, such as risk capital and capital investments, not negligible items, or labor itself;

   d. Plaintiffs and all similarly-situated employees did not transfer from place to place as particular work is offered to them; Plaintiffs worked for only one employer, Defendant, and such relationship was continuous and of indefinite duration;

   e. Plaintiffs and all similarly-situated employees did not "make any independent judgments," and thus did not exercise their skills "in any independent manner";

3

    f. Plaintiffs' and all similarly-situated employees' services were a necessary component of Defendant's business; and

    g. Plaintiffs and all similarly-situated employees did not bring their own tools or equipment to work; all tools and equipment were property of Defendant.

11. At all times material hereto, Defendant was an "employer" within the meaning of FLSA because Defendant acted directly or indirectly in the interest of the employer in relation to an employee.

12. At all times material hereto, Defendant was an employer because it had the ability to do the following with respect to Plaintiffs and all similarly-situated employees: hire and fire, supervise work schedules and conditions of employment, determined rates and method of payment, and were obligated under the law to maintain employment records.

13. Also, at all times material hereto, Defendant was an employer because it had exclusive operational control over Plaintiffs and all similarly-situated employees, was solely responsible for the day-to-day operations, *and* had direct responsibility for the supervision of the Plaintiffs and all similarly-situated employees.

14. At all times material hereto, Defendant had two (2) or more employees.

15. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

16. Also, the annual gross revenue of Defendant was in excess of $500,000 per annum during the relevant time periods.

17. At all times material hereto, Plaintiffs and all similarly-situated employees were "engaged in commerce" and subject to individual coverage of the FLSA.

4

## PARTIES

18. Plaintiff Benjamin Sweitzer ("Sweitzer") was, at all material times, a resident of Rio Grande County, Colorado. Sweitzer is a former covered, non-exempt employee of J.T. Timber, as defined by the FLSA, 29 U.S.C. § 203(e). During the applicable time period, J.T. Timber employed Sweitzer as an hourly-paid Operator to work in logging operations on various job sites.

19. Plaintiff Steve Rothermich ("Rothermich") was, at all material times, a resident of Rio Grande County, Colorado. Rothermich is a former covered, non-exempt employee of J.T. Timber, as defined by the FLSA, 29 U.S.C. § 203(e). During the applicable time period, J.T. Timber employed Rothermich as an hourly-paid Operator to work in logging operations on various job sites.

20. Defendant J.T. Timber Falling, Inc. is a corporation incorporated under the laws of the State of Colorado with its principal place of business located at 30378 County Road 16, Blanca, Colorado 81123. Upon information and belief, J.T. Timber conducts business operations primarily in the State of Colorado.

## FACTUAL BACKGROUND AND ALLEGATIONS

21. The preceding allegations are incorporated by reference as if fully stated herein.

22. J.T. Timber is a Colorado Sustainable Forestry Initiative certified forestry service company.

23. At all times material hereto, J.T. Timber was engaged in commerce in the field of timber logging.

24. Upon information and belief, one of J.T. Timber's largest expenses related to its logging operations is the payroll of its hourly-paid employees. To reduce this expense and maximize profits, J.T. Timber maintains a company-wide policy of not paying hourly-paid Operators proper wages for work performed before and after the time spent at the logging site, as well as other work performed "off the clock."

25. J.T. Timber employees Operators to conduct logging operations in the field at various job site locations.

26. J.T. Timber requires Operators to arrive at the shop to gather supplies, oil, gas and other items for the machines to be used throughout the day's operations.

27. As such, Plaintiffs typically arrived at the shop at 6:00 a.m. to begin the day's work.

28. Regardless of what time Plaintiffs began working for the benefit of Defendant, J.T. Timber would not pay Plaintiffs and those similarly situated until 7:00 a.m.

29. During the applicable time period, Plaintiffs and other Operators regularly worked in excess of 40 hours during a workweek.

30. Upon arriving at the shop each morning, Plaintiffs and those similarly situated routinely were required by J.T. Timber to do the following without being permitted to clock in:

    a. Assemble and collect supplies necessary to carry out required daily tasks

    b. Fuel up the trucks and equipment

    c. Attend safety meetings

31. Plaintiffs and other operators began their respective workdays at the shop and duly performed activities that were an integral and indispensable part of their employment, yet

6

J.T. Timber failed to properly compensate Plaintiffs and the other Operators for work performed at the required straight time and/or overtime rates, resulting in these individuals being forced to work off the clock.

32. Despite beginning their principal activity before 7:00 a.m., J.T. Timber specifically chose to exclude said work time from any straight time or overtime calculations.

33. These duties are an integral and indispensable part of the Plaintiffs' and other frac fuel operators' principal activities for which J.T. Timber failed to provide the required compensation.

34. J.T. Timber knew that Plaintiffs and those similarly situated performed integral and indispensable functions of their jobs without compensation. J.T. Timber chose not to pay hourly wages to Operators in order reduce J.T. Timber's expenses and maximize profits.

## FEDERAL COLLECTIVE ACTION ALLEGATIONS

35. The preceding allegations are incorporated by reference as if fully stated herein.

36. This is a lawsuit brought by Plaintiffs as a collective action, on behalf of themselves and those similarly situated, pursuant to the FLSA, 29 U.S.C. § 216(b) (the "Federal Collective Group"), as follows:

> All current and former hourly-paid Operators who were employed by J.T. Timber Falling, Inc. three years prior to the filing of this Complaint who were required to work off the clock before and after the scheduled times on their shifts.

37. Plaintiffs have consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiffs' signed consent forms are attached as **Exhibit A**.

38. Plaintiffs are similarly situated to the other members of the Federal Collective Group because they all (a) worked for J.T. Timber as Operators during the applicable

7

time period; (b) performed the same or similar duties; (c) had limited or no administrative responsibilities; (d) were and are not professionals within the meaning of the FLSA; and (e) were required to work off the clock without compensation. As a result, there are questions of law and fact common to the Federal Collective Group; Plaintiffs have a well-defined community of interest with the Federal Collective Group; and they are adequate representatives of the Federal Collective Group.

39. The following questions of law and fact predominate over questions that may affect individual members of the Federal Collective Group:

> a. Whether J.T. Timber failed to adequately compensate the members of the Federal Collective Group for all hours worked, as required by the FLSA;
> b. Whether the members of the Federal Collective Group have been damaged and, if so, the damages to which they are entitled; and
> c. Whether J.T. Timber willfully violated the FLSA and, if so, the liquidated damages to which members of the Federal Collective Group are entitled.

40. Notice of this action should be sent to the Federal Collective Group. Upon information and belief, there are numerous similarly-situated current and former employees of J.T. Timber who have suffered from J.T. Timber's practices who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to J.T. Timber and are readily identifiable J.T. Timber's records.

## **STATE LAW CLASS ACTION ALLEGATIONS**

41. The preceding allegations are incorporated by reference as if fully stated herein.

42. In addition to bringing this lawsuit as a collective action under the FLSA, Plaintiffs, under Rule 23 of the Federal Rules of Civil Procedure, propose a class on behalf of themselves and all persons who were employed by J.T. Timber in the State of Colorado and paid on an hourly basis ("Colorado Rule 23 class"), as follows:

> All current and former hourly-paid Operators who were employed In Colorado by J.T. Timber Falling, Inc. three years prior to the filing of this Complaint who were required to work off the clock before and after the scheduled times on their shifts.

43. The Colorado Rule 23 class meets the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, in that:

> a. The members of the class are so numerous that joinder of all class members would be impracticable. On information and belief, there are more that forty (40) members of the proposed class.
>
> b. There are numerous common questions of law and fact at issue. These questions include, but are not limited to, the following:
>
>> (1) whether class members are employees covered by the Colorado Wage Act C.R.S. 8-4-101, et seq., and 7 C.C.R. 1103;
>>
>> (2) whether J.T. Timber is an employer covered by the Colorado Wage Act C.R.S. 8-4-101, et seq., and 7 C.C.R. 1103;
>>
>> (3) whether J.T. Timber required class members to work off-the clock without payment for their work;
>>
>> (4) whether J.T. Timber acted pursuant to a systematic practice in requiring off-the-clock work;
>>
>> (5) whether J.T. Timber failed to pay class members the full amount of wages due under the Colorado Wage Act C.R.S. 8-4-101, et seq., and 7 C.C.R. 1103;

(6) whether J.T. Timber failed to pay wages in the manner prescribed by the Colorado Wage Act C.R.S. 8-4-101, et seq., and 7 C.C.R. 1103;

(7) whether J.T. Timber withheld or diverted wages from class members in violation of the Colorado Wage Act C.R.S. 8- 4-101, et seq., and 7 C.C.R. 1103;

(8) whether J.T. Timber, failed to furnish class members with an accurate statement of all deductions made from their wages in accordance with the Colorado Wage Act C.R.S. 8-4-101, et seq., and 7 C.C.R. 1103;

(9) whether J.T. Timber failed to pay class members for all hours worked as required by the Colorado Wage Act C.R.S. 8-4- 101, et seq., and 7 C.C.R. 1103;

(10) whether J.T. Timber failed to pay the appropriate rate of wages to class members under the Colorado Wage Act C.R.S. 8-4-101, et seq., and 7 C.C.R. 1103;

(11) whether J.T. Timber failed to make, keep, record, report, maintain and/or preserve complete, accurate, appropriate records of hours worked by and wages paid to class members under the Colorado Wage Act C.R.S. 8-4-101, et seq., and 7 C.C.R. 1103;

(12) whether J.T. Timber was unjustly enriched by the conduct alleged by class members and, if so, whether class members may recover under the theory of unjust enrichment;

(13) whether class members are entitled to recover for quantum meruit;

(14) whether J.T. Timber's actions were in good faith or, conversely, whether they were willful and in reckless disregard for class members' rights;

(15) whether class members were deprived of wages and suffered other economic injury as a result of J.T. Timber's actions;

(16) whether J.T. Timber's actions were taken pursuant to a systematic, corporate-wide policy or practice; and

> (17) whether class members are entitled to damages, liquidated damages, interest, attorney's fees and costs, injunctive relief, and/or any other relief.
>
> c. Plaintiffs' claims are typical of the claims of all other class members. Plaintiffs' claims arise under the same acts and conduct as the claims of other class members. Plaintiffs also bring the same claims, under the same legal authority, and seek the same relief, as all other class members.
>
> d. Plaintiffs will fully and adequately represent the interests of the class. Plaintiffs have retained counsel who are knowledgeable and experienced in prosecuting class actions. There are no known conflicts with class members that would render Plaintiffs or their counsel inadequate.

44. The Rule 23 class meets the requirements of Rule 23(b)(2) of the Federal Rules of Civil Procedure, in that J.T. Timber has acted, or refused to act, on grounds that apply generally to the class as a whole. As alleged herein, all of J.T. Timber's hourly paid Operators are subjected to the same treatment by J.T. Timber, in that they are all required to work off-the-clock without payment, or face retaliation by J.T. Timber.

45. The Rule 23 class also meets the requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure, in that the common questions of law or fact predominate over questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Specifically, the benefits of class treatment outweigh class members' interests in individually controlling the prosecution of separate actions; Plaintiffs are aware of no other litigation concerning the controversy that has already been brought by other class members; the efficiencies

to be gained make it desirable to concentrate litigation of the claims in one forum; and there are no particular aspects of the claims that would make a class action unmanageable.

**FIRST CLAIM FOR RELIEF**
Violation of the Fair Labor Standards Act
29 USC. §201, et. seq.
(Plaintiffs and the Federal Collective Group)

46. The preceding allegations are incorporated by reference as if fully stated herein.

47. As an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(a), J.T. Timber is subject to the requirements of the FLSA.

48. All of J.T. Timber's hourly-paid Operators are considered "non-exempt" from the maximum hour requirements of the FLSA, 29 U.S.C. § 213(a)(1).

49. The FLSA requires that minimum compensation of $7.25 per hour be paid to non-exempt employees. 29 U.S.C. § 207.

50. The FLSA requires that overtime compensation be paid to non-exempt employees who work more than forty (40) hours in one week. 29 U.S.C. § 207.

51. As described in the preceding paragraphs, Plaintiffs and the Federal Collective Group routinely worked in excess of forty (40) hours in a workweek without receiving overtime compensation for their overtime hours worked.

52. The FLSA requires employers to keep accurate records of the wages, hours, and other terms of employment for each of their employees, including but not limited to the employee's total hours worked each day and each week; the employee's total daily or weekly earnings; the employee's total daily or weekly regular wages; and the employee's total daily or weekly overtime wages.

53. By requiring hourly employees to work off the clock, J.T. Timber willfully, knowingly and/or recklessly violated the minimum and overtime compensation provisions of the FLSA.

54. By failing to keep accurate records of the time its employees worked, J.T. Timber willfully, knowingly and/or recklessly violated the FLSA's recordkeeping provisions.

55. As a result of J.T. Timber's unlawful conduct, Plaintiffs and all other similarly situated persons within the Federal Collective Group have suffered injury, in that they have been deprived of overtime and regular compensation.

56. Plaintiffs and all other similar-situated persons within the Federal Collective Group are entitled to damages in an amount to be determined at trial.

**SECOND CLAIM FOR RELIEF**
Violation of the Colorado Wage Act and Failure to Maintain Records
C.R.S. § 8-4-101 et. seq.
(Plaintiffs and the Colorado Rule 23 Class)

57. The preceding allegations are incorporated by reference as if fully stated herein.

58. J.T. Timber violated the Colorado Wage Act. C.R.S. § 8-4-101 et. seq.

59. J.T. Timber is in the commercial support service industry. 7 C.C.R. §1103-1:2(B).

60. J.T. Timber is required under Colorado law to pay Plaintiffs and the Colorado Rule 23 class for their time worked. 7 C.C.R. § 1103-1:4.

61. J.T. Timber is required under Colorado law to pay Plaintiffs and the Colorado Rule 23 class overtime for all hours work over 12 in a workday and all hours worked over 40 in a work week. 7 C.C.R. § 1103-1:4.

62.  J.T. Timber is required under Colorado law to maintain accurate daily records of all hours worked by its employees, including Plaintiffs and the Colorado Rule 23 class. 7 C.C.R. § 1103-1:12.

63.  J.T. Timber failed to properly pay Plaintiffs and the Colorado Rule 23 class straight time for all hours worked.

64.  J.T. Timber failed to pay Plaintiffs and the Colorado Rule 23 class Colorado's Minimum Wage for all hours worked.

65.  J.T. Timber failed to pay the Plaintiffs and the Colorado Rule 23 class overtime for all hours worked over 12 in a day and 40 in a week.

66.  Plaintiffs and the Colorado Rule 23 class have been damaged in an amount permitted under the law to be determined at trial.

67.  As a direct and proximate result of J.T. Timber's failure and refusal to pay for off-the-clock work in violation of the Colorado Wage Act, Plaintiffs and the Colorado Rule 23 class have been deprived of their rightfully earned wages, including regular time and overtime pay, and any other compensation of which they were deprived, and are entitled to recover from J.T. Timber all such unpaid wages and compensation, penalties, attorney's fees and costs, prejudgment interest, and all other appropriate relief.

### **THIRD CLAIM FOR RELIEF**
Breach of Contract
(Plaintiffs and the Colorado Rule 23 Class)

68.  The preceding allegations are incorporated by reference as if fully stated herein.

69.  J.T. Timber, for its benefit, entered into employment contracts, express or implied, with Plaintiffs and the Colorado Rule 23 class under which J.T. Timber promised to pay

14

wages to Plaintiffs and the Colorado Rule 23 class at certain hourly rates (whether a regular rate of pay for 40 or fewer hours worked in a work-week or one-and-one-half times their regular rate of pay for any hours worked in excess of 40 hours per week) for all work, without exception, performed by Plaintiffs and the Colorado Rule 23 class.

70.    J.T. Timber made this promise to pay such wages for all work performed by Plaintiffs and the Colorado Rule 23 class on many occasions, including, but not limited to, at the time of Plaintiffs' and the Colorado Rule 23 class's dates of hire and throughout the tenure of their employment at J.T. Timber.

71.    Plaintiffs and the Colorado Rule 23 class accepted J.T. Timber's offer to compensate them at such certain hourly rates for all work performed each time that Plaintiffs and the Colorado Rule 23 class performed their jobs, duties, and work for J.T. Timber's benefit.

72.    J.T. Timber failed to fulfill its promises and breached its contracts with Plaintiffs and the Colorado Rule 23 class by having Plaintiffs and the Colorado Rule 23 class perform some of their work off the clock and then refusing or otherwise failing to pay Plaintiffs and the Colorado Rule 23 class for that off-the-clock work.

73.    There were no conditions precedent, if any, that Plaintiffs and the Colorado Rule 23 class failed to perform before being entitled to the promised payment of wages for all work performed by Plaintiffs and the Colorado Rule 23 class for J.T. Timber's benefit.

74.    As a direct and proximate result of J.T. Timber's conduct, Plaintiffs and the Colorado Rule 23 class have suffered injury, and are entitled to damages for J.T. Timber's

breach of contract, including payment of all unpaid wages for the work they performed off the clock, interest, and other relief, in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF
Unjust Enrichment
(Plaintiffs and the Colorado Rule 23 Class)

75. The preceding allegations are incorporated by reference as if fully stated herein.

76. Plaintiffs and the Colorado Rule 23 class, conferred upon J.T. Timber a benefit by performing unpaid work off-the-clock for J.T. Timber, as demanded and required by J.T. Timber.

77. J.T. Timber received this benefit of work performed by Plaintiffs and the Colorado Rule 23 class without paying them for this work.

78. J.T. Timber's retention of this benefit of work performed without paying for the work is unjust.

79. Through its various sham formal, written (and other) policies uniformly, but falsely, expressing to all of its hourly paid employees that such employees are to be paid for all hours worked, and in performing their work for J.T. Timber, Plaintiffs and the Colorado Rule 23 class, uniformly expected remuneration, in the form of wages at the appropriate rate, from the J.T. Timber for all of their work performed for J.T. Timber.

80. By demanding and requiring Plaintiffs and the Colorado Rule 23 class to work off-the-clock in transgression of, and by refusing and failing to pay them for all work performed in accordance with J.T. Timber's uniform expressed policies, J.T. Timber significantly reduced its payroll and labor costs, diverted those savings to other company

functions and priorities, and increased its profits to its own benefit and to the detriment of Plaintiffs and the Colorado Rule 23 class.

81.     J.T. Timber's acceptance and retention of the benefit of Plaintiffs' and the Colorado Rule 23 class's off-the-clock work without paying for it, and the resultant savings by refusing and failing to pay for such work, by saving and avoiding payroll and labor costs, by diverting those savings to other company functions and priorities, and by enjoying the increased profits that J.T. Timber received as a result of its failure and refusal to pay them for all work performed, is inequitable and contrary to the fundamental principles of justice, equity, and good conscience, and, as such, Plaintiffs and the Colorado Rule 23 class may recover under the unjust enrichment doctrine.

82.     As a direct and proximate result of J.T. Timber's actions, defendant has reaped unfair benefits and illegal profits at the expense of Plaintiffs and the Colorado Rule 23 class. J.T. Timber should be made to account for, and restore to Plaintiffs and the Colorado Rule 23 class, the monies that were wrongly reaped by Defendant at Plaintiffs' and the Colorado Rule 23 class's expense.

**FIFTH CLAIM FOR RELIEF**
In the Alternative, *Quantum Meruit*
(Plaintiffs and the Colorado Rule 23 Class)

83.     The preceding allegations are incorporated by reference as if fully stated herein.

84.     Plaintiffs and the Colorado Rule 23 class performed work for J.T. Timber off-the-clock for which J.T. Timber refused and failed to pay.

85.     J.T. Timber accepted this work performed by Plaintiffs and the Colorado Rule 23 class.

17

86. Through its various sham formal, written (and other) policies uniformly, but falsely, expressing to all of its hourly-paid employees that such employees are to be paid for all hours worked, and in performing their work for J.T. Timber, Plaintiffs and the Colorado Rule 23 class uniformly expected to be compensated by J.T. Timber for the reasonable value of all of Plaintiffs' and the Colorado Rule 23 class's work performed for J.T. Timber.

87. As a direct and proximate result of J.T. Timber's improper failure and refusal to pay for off-the-clock work, Plaintiffs and the Colorado Rule 23 class are entitled to the reasonable value of all of their work performed for J.T. Timber and shall so demonstrate this reasonable value through discovery and at the trial of this matter.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request the following relief on behalf of themselves and those similarly situated:

(a) certification of this case as a collective action under the FLSA;

(b) certification of a Colorado class under Rule 23;

(c) an order preliminarily and permanently enjoining J.T. Timber from engaging in the above-described conduct;

(c) an award of the value of Plaintiffs' unpaid wages, and the unpaid wages of all other current and former hourly-paid J.T. Timber employees included in this action;

(d) an award of liquidated damages under the FLSA for Plaintiffs and for all other current and former hourly-paid J.T. Timber employees included in this action;

(e) an award of reasonable attorney's fees, expenses, expert fees, and all other costs incurred in this action;

(f) an award of pre- and post-judgment interest;

(g) any other relief permissible under the laws alleged; and

(h) any and all other relief that the Court deems proper.

## **JURY DEMAND**

Plaintiffs request a trial to a jury on all issues so triable.

Dated: October 23, 2017.

Respectfully Submitted,

*/s/Andrew C. Quisenberry*
Sara A. Green, Esq.
Andrew C. Quisenberry, Esq.
BACHUS & SCHANKER, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Telephone: 303.893.9800
Facsimile: 303.893.9900
Sara.green@coloradolaw.net
Andrew.quisenberry@coloradolaw.net

*Attorneys for Plaintiffs*